**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**MARCO AGUILAR,**

      **Plaintiff,**

v.                              Civil Action No. 2:17-cv-00613

**MICHAEL & SON SERVICES, INC.,**

      **Defendant.**

## AMENDED MOTION FOR APPROVAL

COMES NOW the Defendant Michael & Son Services, Inc., ("MSS"), by counsel, and hereby moves the Court to enter an Agreed Order (attached hereto at Tab 1) approving the proposed Settlement and states as follows in support thereof:

### I. Background

1. Plaintiff worked for MSS as an HVAC service technician from approximately October 2016 until March 2017.

2. Defendant is a corporation who provides HVAC services to the public primarily in Virginia and some services in Maryland and the District of Columbia.

3. Plaintiff filed his Complaint in the United States District Court for the District of Columbia alleging a violation of the Fair Labor Standards Act ("FLSA") that he worked hours over forty for some weeks during his employment but he was not paid any overtime compensation. MSS denies this allegation, and it contends that Plaintiff did not work overtime hours and that he was an exempt employee and, as such, he was not entitled to overtime compensation.

4. On or about May 31, 2017, MSS filed a Motion to Dismiss for Improper Venue or in the Alternative to Transfer this Matter to the Eastern District of Virginia. On November 9, 2017, the United States District Court for the District of Columbia granted MSS's Motion to Transfer the matter to the Eastern District of Virginia, Norfolk Division.

5. The Parties reached a resolution after November 9, 2017, but before the transfer was completed. The settlement provided Aguilar complete unpaid overtime damages pursuant to 29 U.S.C. § 207(a)(1), an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b), an additional amount for consideration of signing the settlement agreement, and separate attorneys' fees and costs to be paid by MSS.

6. On November 29, 2017, the United States District Court for the Eastern District of Virginia, Norfolk Division received and docketed this matter.

7. On December 4, 2017, MSS filed its Answer stating that it paid Plaintiff all his legal and proper wages for all hours worked. MSS also asserted several defenses to the Complaint, including that Plaintiff had not worked any overtime hours and that Plaintiff was exempt from overtime compensation.

8. Throughout Plaintiff's employment, no specific hours were recorded as having been worked, but MSS maintains a GPS system and a detailed log of all customer hours and work performed which allows MSS to reconstruct the hours worked by Plaintiff. Plaintiff's evidence of his hours worked consists only of his personal recollection.

9. In Plaintiff's Complaint, he sought unpaid overtime and an equal amount in liquidated damages as provided by 29 U.S.C. § 216(b).

10. The case settled during the time the matter was being transferred to the United States District Court for the Eastern District of Virginia, Norfolk Division. A copy of the settlement agreement is attached at Tab 2.

11. The parties engaged in efforts to negotiate the early resolution of this case during the time the case was pending in the United States District Court for the District of Columbia. Notwithstanding the parties' disagreement over the merits of Plaintiff's allegations, the parties reached a settlement, whereby Plaintiff has agreed to release any and all claims regarding his employment with MSS. Both parties are represented by experienced employment FLSA counsel whom have reviewed and approved the Settlement Agreement with their clients. In accordance with the applicable requirements for settling claims brought pursuant to the FLSA, the parties hereby seek the Court's approval of the settlement reached in this matter, and stipulate to the dismissal of this action, with prejudice.

## II. The Court Should Approve the Settlement

12. The rights guaranteed by the FLSA "cannot be waived by private agreement between employer and employee." Taylor v. Progress Energy, Inc., 415 F.3d 363, 374 (4th Cir.2005), *op. reinstated on reh'g,* 493 F.3d 454 (2007), *cert. denied,* 554 U.S. 909, 128 S.Ct. 2931, 171 L.Ed.2d 876 (2008). Instead, FLSA claims may only be settled if supervised by the United States Department of Labor or approved by a court. Id.

13. A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute. Galvez v. Americlean Servs. Corp., No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012).

14. To determine whether the settlement is fair, the Court should consider: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the

complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel representing plaintiff; 5) the probability of plaintiff's success on the merits; and 6) the amount of settlement in relation to the potential recovery. Patel v. Barot, 15 F. Supp.3d 648, 656 (E.D. Va. 2014).

15. In the case at hand Aguilar is not compromising his FLSA rights, because the settlement agreement, if approved, will provide Aguilar more unpaid overtime than a jury is likely to award him, and an equal amount of liquidated damages. See Declaration of Bernard R. Mazaheri, attached hereto at Tab 3, ¶ 6. Now, Aguilar has entered into a written settlement agreement that includes a general release. See Tab 2. On this point, the Parties agreed for additional consideration for entering into the agreement, so it is separate and apart from the FLSA release. Tab 2 and Tab 3, ¶ 6. MSS will, also, pay Aguilar's attorneys' fees and costs in the agreed upon amount of $8,000.00. Tab 2 and Tab 3 at ¶ 6. This amount is being paid separately and was negotiated separately as not to impact the recovery of Aguilar. Id.

16. Furthermore, the settlement reached is a fair and reasonable resolution of the dispute. In reaching the agreement, the Parties have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if the litigation continues. In this case MSS has raised and may prevail on the 7(i) exception to the FLSA as evidence suggests Aguilar was earning 1 ½ time the minimum wage and more than half of his monies were recovered through commissions; MSS may prevail on the 13(a)(1) outside sales exemption. Tab 3, ¶ 6. Accordingly, the Parties have concluded in good faith that it is in their mutual interest to resolve the litigation now. After many months of arms-length discussions concerning the merits of the case and their respective factual and legal positions, the parties mutually chose to engage in an early resolution of this matter. During the course of discussions, MSS provided Aguilar with

information about its defenses. The open dialogue between counsel facilitated a compromise that took into account the costs of litigation, the risks both sides faced if litigation proceeded and Aguilar's potential recovery given the short duration of Aguilar's employment and few if, any, overtime hours worked. Specifically, Aguilar realizes that judgment after trial would likely provide him less overtime than what the settlement will provide. The hope of the case, when filed, was to gain traction through further participation by similarly situated employees. Unfortunately no other similarly situated employees opted into the action and Aguilar decided not to move for conditional class certification pursuant to 29 U.S.C. § 216(b) as a reasonable offer of settlement was made, no other individuals opted in and the case was being transferred out of the District of Columbia.

17. There is no suggestion of fraud or collusion in the settlement; the experience of counsel representing Aguilar is extensive in this area, and while Aguilar believed his probability of success on the merits was high, Aguilar recognizes that his damages are limited and that MSS had several asserted defenses. In fact, Aguilar did not accept MSS's offer of judgment made shortly after suit was filed.

18. The amount of the settlement is the full and complete amount of any alleged overtime and liquidated damages Aguilar would be entitled to. The Parties negotiated attorneys' fees and costs separately as not to impact Aguilar. The payment of attorneys' fees and costs by MSS is being made without regard to the amount being paid to Aguilar. Importantly, cost of continued litigation would be considerably more than the total settlement amount.

19. In FLSA actions when fees are negotiated separately, without regard to what a plaintiff receives the court will approve fees without separately considering the reasonableness of the fee. <u>Bonetti v. Embarq Management Co.</u>, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

20. Prior to filing suit Aguilar's counsel investigated MSS, specifically looking at locations where the company performed work, the estimated number of employees in Aguilar's position, venues where suit could be brought, the manner in which MSS paid its HVAC technicians (Aguilar's position) and the case law surrounding the 7(i) exception, 13(a)(1) outside sales exemption and 13(b) Motor Carrier Exemption. See Tab 3 at ¶6. Once Plaintiff's counsel felt comfortable with proceeding with a potential collective action pursuant to 29 U.S.C. § 216(b) suit was filed in the District of Columbia. Id. Efforts were made to discover witnesses in Maryland, District of Columbia and Virginia. Id. Former HVAC technicians of MSS were consulted and one provided a declaration, which was filed with the Court. Id. Pay and time records for Aguilar were closely reviewed. Discussions were conducted between counsel regarding potential class certification, damages, an offer of judgment, dismissal, transfer, settlement and approval. During the course of litigation MSS made an offer of judgment pursuant to Rule 68 (the offer was well below the monetary amount recovered by Aguilar through this settlement) which required evaluation and research—as some FLSA claims could potentially be mooted through Rule 68. Id. The offer of judgment was not accepted and litigation continued. Ultimately the Parties received an order transferring venue, which prompted a resolution that has included time for reviewing settlement terms and moving for approval. In whole, counsel for Aguilar has expended more than 40 hours on the prosecution of the case. Id. His regular hourly rate is $425 per hour making the lodestar $17,000.00 (if the Laffey Matrix was used, as it may have been in DC, the lodestar would be $28,680 with a $717 per hour rate). Id. The settlement in the action provides for $8,000.00 in fees and costs. Id. and see Tab 2. It is below counsel's lodestar. See Tab 3 at ¶ 6. This is the only portion of the FLSA claim that was compromised. It was done in order to facilitate a settlement that provides Aguilar more than what

he would likely have recovered if he prevailed at trial. Id. MSS does not agree to pay more than $8,000.00 in attorneys' fees and costs. Counsel for Aguilar is not taking a percentage of the settlement. This amount was agreed to separately and it was the lowest that counsel could accept to make the resolution work. Id.

21. Plaintiff's counsel is experienced FLSA counsel. He is a 2002 graduate of Loyola Law School in New Orleans. Tab 3 at ¶¶ 1-5. He has tried in excess of thirty jury trials, which consists of criminal defense, employment and labor law cases. Id. He joined the Florida Bar in 2003, the Texas Bar in 2008, the New York and the Kentucky Bars in 2015. Id. After leaving the office of the Public Defender in January 2004 he primarily represented injured workers at Smith, Feddeler, Smith &Miles, P.A. in Lakeland, Florida. Id. In April 2005 he became a partner at Mazaheri & Gadd with offices in Polk and Pinellas Counties Florida primarily practicing in the field of labor and employment law. Id. From May 2009 to present he has been an attorney at Morgan & Morgan continuing his practice in the field of labor and employment law. Id. He only represents employees in single and multi-plaintiff causes of action. Id. He originally worked out of Morgan & Morgan in Orlando, Florida; he currently works out of the firm's Lexington, Kentucky office. Id.

22. He is an active member of the American Bar Association Labor & Employment Law Section. Id. He has been the co-chair of the Age Discrimination in Employment Act subcommittee of the Federal Labor Standards Legislative committee of the ABA L&E Section since 2010. Id. Additionally, he has been a member of the National Employment Lawyers Association, Florida NELA, the American Inns of Court and local bar associations. Id. He was Vice President of Florida NELA during the 2012 term. Id. He is admitted to the United States Sixth and Eleventh Circuit Courts of Appeal. Id. He is admitted to practice in all U.S. District

Courts of Florida, Texas, Connecticut, Colorado, North Dakota and Kentucky. Id. He is also admitted to the U.S. District Courts of the Northern District of Illinois, Western District of Tennessee, the Northern District of New York, Southern District of Indiana, Central District of Illinois, the Western District of Wisconsin and the District of Columbia. Id. He has litigated labor and employment cases in all U.S. District Courts in which he is admitted except the Eastern District of Texas. Id. He currently has FLSA actions pending in Florida, Kentucky, Indiana, and New York. Id.

23. He has been published and has been a speaker at local, state and national conferences. Id. He has been an editor and/or contributing author in several Bureau of National Affairs labor and employment treatises. Id. The list of topics include the (1) Fair Labor Standards Act, (2) Age Discrimination in Employment Act, (3) Family Medical Leave Act and (4) Uniformed Services Employment and Reemployment Rights Act. Id. Some of his presentations include: (1) speaking in Washington, D.C. on FLSA trials in October 2011 and on FLSA collective actions in April 2015 for the National Employment Lawyers Association as well as in November 2017 speaking on the recent U.S. Supreme Court trilogy of cases involving the FLSA and NLRA for the American Bar Association Labor & Employment Section 11th Annual Conference; (2) speaking in Atlanta, GA in November 2012 on fundamentals of the FLSA for the American Bar Association Labor & Employment Section and in November 2015 at the ABA L&E 9th Annual Conference in Philadelphia, PA on the FLSA; (3) speaking on the ADEA in Miami, Florida in February 2014, in Los Cabos, Mexico in February 2013 and 2009, Puerto Vallarta, Mexico in February 2011, San Juan, PR in February 2010, Montego Bay, Jamaica in February 2008, for the Federal Labor Standards Legislative Committee of the ABA L&E Section; and (4) Florida NELA on the Supreme Court and Section 13(a)(1) of the FLSA in

September 2012 in St. Petersburg, Florida and on Section 11(c) of the FLSA in September 2013 in Naples, Florida. Id. He was published in 2015 by the ABA Labor & Employment Law Journal on the intersection of the FLSA and arbitration. Id. The aforementioned list is not a complete list of his speaking engagements or published writing. Id.

24. His current hourly rate is $425 per hour. Id. He has been awarded $350 per hour in Florida. Id. See Brooks v. Peer Review Mediation &Arbitration, Inc., 2012 WL 5410405 *4 (S.D. Fla. Nov. 6, 2012). Id. The United States Department of Labor approved his hourly rate of $350 per hour in the matter of Raul Cruz v. B&D Contracting, Inc., OWCP Number 07187533 on March 12, 2013. Id. And the United States Department of Labor approved his hourly rate of $425 per hour in the matter of Jose Santiago v. Gulf Marine & Repair Shipyard/HKA Enterprises, Inc., OWCP Number 06210167 on April 24, 2014. Id.

25. He has consulted and handled Fair Labor Standards Act cases, as well as employment discrimination cases. Id. His firm has a large number of Fair Labor Standards Act cases. Id. The FLSA is a complicated statute. Id. It requires specific knowledge on a myriad of issues. Id.

WHEREFORE, for all of the foregoing reasons, MSS respectfully requests that this Honorable Court grant its Amended Motion to Approve Settlement and dismiss the action, with prejudice.

Respectfully submitted**,**

MICHAEL & SON SERVICES, INC.


     /s/ Susan Childers North
Susan Childers North (VSB No. 43068)
LeClairRyan, A Professional Corporation
5425 Discovery Park Boulevard, Suite 200
Williamsburg, VA 23188
Telephone: (757) 941-2801
Facsimile: (757) 941-2879
Email: susan.north@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2018, I electronically filed the foregoing Amended Motion to Approve Settlement with the Clerk of Court via the CM/ECF System, and sent a copy via email to Bernard R. Mazaheri at bmazaheri@forthepeople.com.

        /s/ Susan Childers North
Susan Childers North (VSB No. 43068)
LeClairRyan, A Professional Corporation
5425 Discovery Park Boulevard, Suite 200
Williamsburg, VA  23188
Telephone:  (757) 941-2801
Facsimile:  (757) 941-2879
Email: susan.north@leclairryan.com

*Counsel for Defendant Michael & Son Services, Inc.*

#903804104 v1