FEB 28 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

MARCO AGUILAR,

    Plaintiff,

v.                                  CIVIL NO. 2:17-cv-613

MICHAEL & SON SERVICES, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon the Amended Motion for Settlement Approval ("Amended Motion") filed by Michael & Son Services, Inc. ("Defendant") on January 29, 2018. ECF No. 22. For the reasons stated herein, the Amended Motion is **GRANTED**.

### I.    BACKGROUND

On April 19, 2017, Marco Aguilar ("Plaintiff") sued Defendant in the United States District Court for the District of Columbia. ECF No. 1. In his Complaint, plaintiff alleges he worked for Defendant as an HVAC technician and installer from October 2016 through March 2017, approximately six months. Id. ¶ 2. He further alleges that he and other similarly situated HVAC technicians and installer employees worked over forty hours in some weeks without ever receiving overtime compensation. Id. ¶ 22. Plaintiff asserts the Fair Labor Standards Act ("FLSA") applies and that Defendant willfully violated the FLSA. Id. ¶ 64. The Complaint seeks unpaid overtime on behalf of Plaintiff and "all similarly situated," pursuant to 29 U.S.C. § 216(b). Id. ¶ 1.

1

On May 31, 2017, Defendant moved to dismiss or transfer the case because venue was improper in the District Court for the District of Columbia. ECF No. 5. On November 9, 2017, over Plaintiff's opposition, the District Court for the District of Columbia transferred the case to this Court. ECF No. 11. Defendant answered the Complaint on December 4, 2017 and filed a notice of settlement on December 5, 2017. ECF Nos. 16, 17. On December 29, 2017, Defendant filed its initial motion requesting approval of the parties' settlement. ECF No. 18. Upon review of that motion, on January 9, 2018, this Court determined it did not have sufficient information and evidence to evaluate the reasonableness of the settlement and attorney's fee. ECF No. 19. It therefore ordered Defendant supplemental evidence within six days. Id. The Court extended the filing deadline to twenty days on Defendant's motion. ECF Nos. 20, 21.

On January 29, 2018, Defendant filed its Amended Motion for Settlement Approval, which attached a copy of the settlement agreement and a declaration from Plaintiff's attorney regarding the settlement negotiations and the reasonableness of his fee. ECF No. 22. The Amended Motion is ripe for decision.

## II. STANDARD OF DECISION

Claims for violations of the Fair Labor Standards Act "can only be settled when the settlement is supervised by the Department of Labor or a court." Galvez v. Americlean Servs. Corp., No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012) (citing Taylor v. Progress Energy, Inc., 415 F.3d 364, 374 (4th Cir. 2005)). Where, as here, an employee sues his employer for back wages under section 216(b), "the parties must present any proposed settlement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." Patel v. Barot, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014) (internal citations and marks omitted).

A court should approve a proposed settlement if it determines the settlement "reflects a reasonable compromise over issues actually in dispute." Galvez 2012 WL 1715689, at *2. In making this determination, courts assess:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiffs;

(5) the probability of plaintiffs' success on the merits; and

(6) the amount of the settlement in relation to the potential recovery.

Patel, 15 F. Supp. 3d at 656 (quoting In re Dollar General Stores FLSA Litigation, No. 5:09-MD-1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011) (internal marks omitted)); see also Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09cv00058, 2010 WL 1813497, at *1 (W.D.Va. May 5, 2010); Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

In order for a court to properly assess a settlement, the "record [must be] adequate to allow it to reach an 'intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated and form an educated estimate of the complexity, expense and likely duration of such litigation, and all other factors.'" Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (quoting Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975) (internal quotations omitted)). Moreover, "the public has a genuine interest in determining whether the court is properly fulfilling its duties when it approves an FLSA settlement agreement." Patel, 15 F. Supp. 3d at 654.

In addition to the settlement itself, the court must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). As with the settlement, the parties must develop an adequate record for the court to assess the proposed fee. See Galvin, 2012 WL 1715689, at *3; Poulin, 2010 WL 1813497, at *1.

### III. DISCUSSION

The Amended Motion, and the exhibits attached thereto, establishes that both parties to this suit were represented by counsel experienced with the Fair Labor Standards Act. Early in the litigation, the parties engaged in arms-length settlement discussions and ultimately reached an agreement whereby Plaintiff would be paid $3,000 to cover unpaid overtime—which both parties agree is greater than any amount a jury would likely award Plaintiff—plus an equal amount of liquidated damages ($3,000), and an additional amount for Plaintiff's agreeing to sign a general release ($1,000), for a total payment to Plaintiff of $7,000. Defendant also separately negotiated to pay $8,000 to Plaintiff's attorney to cover Plaintiff's attorney's fees and costs.

After reviewing and considering the Defendant's motion, ECF No. 22, the settlement agreement signed by both parties, ECF No. 22-2, and the declaration of Plaintiff's counsel in support of settlement approval, ECF No. 22-3, the Court finds that the settlement reflects a reasonable compromise over issues actually in dispute and that the request attorney's fee is also reasonable.

### IV. CONCLUSION

Accordingly, Defendant's Amended Motion for Settlement Approval, ECF No. 22, is **GRANTED**.

The parties' settlement, ECF No. 22-2, is **APPROVED**.

Because the settlement provides for a complete and full release of all claims between Plaintiff Marco Aguilar and Defendant Michael & Son Services, Inc., this action is **DISMISSED WITH PREJUDICE.**

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 28, 2018